USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/17/2024

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jordan Doll**
Assistant Corporation Counsel
phone: (212)-356-2624
email: jdoll@law.nyc.gov

April 8, 2024

> Request for stay is DENIED. The parties shall follow the briefing schedule previously set forth in the Order at Dkt. No. 36. The Clerk of Court is directed to terminate Dkt. No. 37.
>
> SO ORDERED. Date 4/17/2024
>
> HON. MARGARET M. GARNETT
> U.S. DISTRICT JUDGE

**Via ECF**
Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re: L.T. et. al. v. The New York City Department of Education et al.
Civil Action No.: 23-cv-09826 (MMG)

Dear Judge Garnett,

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel assigned to represent the Defendants in the above-captioned matter. Defendants write to respectfully request a stay in fully briefing Plaintiffs' motions for class certification and a preliminary injunction filed March 08, 2024 (ECF No. 24) until this Court rules on Defendants' motion to dismiss for, *inter alia*, lack of subject-matter jurisdiction and lack of Article III standing (the "SJX MTD").[1]

Plaintiffs brought this action pursuant to the Individuals with Disabilities Education Act 20 U.S.C. § 1400 *et seq* ("IDEA") arguing that eight identified students are entitled to a right to a free and appropriate public education ("FAPE") until their 22nd birthdays. Currently, there are three pending motions before the Court:

1. The SJX MTD;
2. Plaintiffs' motion for class certification, filed March 20, 2024 (ECF No. 29) (the "Class Cert Motion"); and
3. Plaintiffs' motion for a preliminary injunction, filed March 20, 2024 (ECF No. 29).

These three motions are inextricably linked such that the disposition of the SJX MTD will resolve Plaintiffs' motions in whole or in part. Beyond the foundational question of whether this action is

---

[1] Although the parties submitted a joint briefing schedule concerning Plaintiffs' motions, which was approved by the Court on March 18, 2024 (ECF No. 27), Defendants were unaware that Plaintiffs' motions (ECF No. 28) would rest so heavily on the questions raised by Defendants' motion to dismiss (ECF No. 23–24), such that deciding Defendants' motion would substantially decide Plaintiffs' motions as well.

properly before the Court despite Plaintiffs' failure to exhaust administrative remedies, the SJX MTD challenges Plaintiffs' Article III standing (*see* ECF No. 24 at 18–19), which, if successful, would render moot Plaintiffs' Class Cert Motion (*see* ECF No. 29 at 10–13). *See Doyle v. Mastercard Int'l Inc.*, 700 F. App'x. 22, 25 (2d Cir. 2017) ("Standing is generally a prerequisite to class certification. Although there is a limited exception for cases in which class certification is logically antecedent to the determination of standing, that exception does not apply [where] resolution of class certification would not obviate the need to decide issues of Article III standing.") (internal quotation marks and citations omitted). Here, it is premature for this Court to consider class certification or entering an injunction when it is unclear whether the case is properly before the Court. *See Doyle*, 700 F. App'x 22 (affirming dismissal of putative class action where named plaintiff lacked Article III standing); *Justin v. Tingling*, No. 22-cv-10370 (NRB), 2024 WL 246021 (S.D.N.Y. Jan. 23, 2024) (partial dismissal for lack of standing "[b]efore considering plaintiffs' [pending] request to seek class certification"). Even if the Court were to deny the SJX MTD, the Court's reasoning would provide guidance to the parties as to which issues the Court deems most relevant; such guidance will greatly streamline the parties' briefing and arguments.

Defendants, therefore, respectfully request a stay in the briefing schedule until such time as when the Court decides the SJX MTD. *See Louis Vuitton Mallatier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Additionally, in filing their motions during the pendency of the SJX MTD, Plaintiffs' implicit premise is that the three pending motions' issues can be resolved simultaneously: The Second Circuit has repeatedly rejected this. *See Doyle*, 700 F. App'x 22 (emphasizing that deciding Article III standing takes precedence over class certification); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012) (rejecting argument that courts "treat class certification first and to treat the [certified] class as the relevant entity for Article III purposes" in favor of determining Article III standing first). Similarly, should the Court grant the SJX MTD, such a decision would render void any entry of a preliminary injunction, *ab initio*. *See generally U.S. v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994).

The Second Circuit's rulings also exemplify judicial economy: Resolving the threshold matter of Article III standing and exhaustion will necessarily resolve the ancillary matters raised by Plaintiffs' other motions, avoiding multiple levels of redundant briefing over stale issues. A stay in these proceedings would save time for all parties, including the Court. Clarity on the threshold issues presented in the SJX MTD would provide guidance as to the live issues before the Court.

Defendants thank the Court for considering this request.

Respectfully,

/s/
Jordan Doll
Assistant Corporation Counsel
