```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

L.T., Individually and as Next Friend to Her Child, C.T., et al.,

      Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

      Defendants.

---

23-CV-09826 (MMG)

**MEMORANDUM OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

  Plaintiffs L.T., E.W., M.C., J.M., C.B., and K.D. ("Parent Plaintiffs"), individually and as next friends to their respective children, C.T.; Z.K.; G.L.; J.M.1, T.M., and D.M.; T.O.; and V.D. ("Student Plaintiffs," together with Parent Plaintiffs, "Plaintiffs"), brought the instant putative class action against Defendants the New York City Department of Education (the "NYC DOE"); the Board of Education of the City School District of the City of New York; Chancellor David Banks, in his official capacity;[1] and the City of New York (collectively, "Defendants"), asserting the right to a free appropriate public education ("FAPE") until the 22nd birthday of Plaintiffs and all others similarly situated under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq.*, as well as related rights under Section 504 of the Rehabilitation Act of 1973 ("Section 504," as amended and codified under 29 U.S.C. § 794 *et seq.*) and 42 U.S.C. § 1983 ("Section 1983").

---

[1] David Banks has since been replaced as Chancellor by Melissa Aviles-Ramos; this substitution of official-capacity defendants has no effect on the substance of this case.

1

On March 8, 2024, Defendants moved to dismiss the First Amended Complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7).  On March 20, 2024, Plaintiffs moved for certification of a class and a subclass, pursuant to Fed. R. Civ. P. 23, as well as for a preliminary injunction pending final disposition of this action, pursuant to Fed. R. Civ. P. 65.  For the reasons stated herein, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED, and Plaintiffs' motion for class certification, subclass certification, and a preliminary injunction is DENIED AS MOOT.

## FACTS AND PROCEDURAL HISTORY

### I.     The IDEA, New York Law, and New York City Regulations

The IDEA protects the rights of children with disabilities, as defined within the meaning of the IDEA, *see* 20 U.S.C. § 1401(3)(A); 34 C.F.R. § 300.8(c), and parents of such children by ensuring that "all children with disabilities have available to them a [FAPE]." 20 U.S.C. § 1400(d)(1)(A).  A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living" and "include an appropriate . . . elementary, or secondary education in the State, and must be provided pursuant to an IEP." 20 U.S.C. §§ 1400(d)(1)(A)–(B), 1401(9), 1414(d)(2)(A).  IEPs, meaning Individualized Education Plans, are prepared to meet eligible children's unique needs, and contain statements of "special education and related services and supplementary aids and services," as well as "program modification or supports for school personnel." 20 U.S.C. § 1414(d)(1)(A)(i)(IV).  An IEP is prepared annually for each school year by a team of individuals, including the parent(s), who review current and comprehensive multidisciplinary evaluations and progress reports.  *See* 20 U.S.C. §§ 1414(d)(1)(A)(i)(II), (d)(1)(B), (d)(3)(A), (d)(4)(A).

The IDEA mandates that a FAPE shall be available to all children with disabilities "between the ages of 3 and 21, <u>inclusive</u>." 20 U.S.C. § 1412(a)(1)(A) (emphasis added). This mandate applies to Defendants. 20 U.S.C. § 1414(d)(2)(A). However, this mandate "does not apply with respect to children [with disabilities]—(i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice . . . respecting the provision of public education to children in those age ranges." 20 U.S.C. § 1412(a)(1)(B).

With respect to the IDEA mandate, New York Education Law § 4402(5) provides, in relevant part:

> [A] child with a disability who reaches the age of twenty-one during (a) the period commencing with the first day of July and ending on the thirty-first day of August shall if otherwise eligible, be entitled to continue in a July and August program until the thirty-first day of August or until the termination of the summer program, whichever shall first occur; or (b) the period commencing on the first day of September and ending on the thirtieth day of June shall be entitled to continue in such program until the thirtieth day of June or until the termination of the school year, whichever shall first occur.

N.Y. Educ. Law § 4402(5).

The Regulation of the Chancellor of the New York City Department of Education, Number A-101, Paragraph I(C)(5) provides, in relevant part:

> Children are required to attend school from age 5, except as set forth in paragraphs 4a or 4b above. Attendance is required through the end of the school year in which children turn 17 and, if no high school diploma has been granted, they may remain in school until the end of the school year in which they turn 21, even if they have received commencement credentials.

N.Y.C. Dep't of Educ. Reg. of Chancellor No. A-101, ¶ I(C)(5) (Feb. 17, 2022).

Parents who wish to challenge the adequacy of their child's IEP or of their child's educational placement can avail themselves of New York's two-tier system of administrative review, as provided by the IDEA. 8 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") §§ 200.5(i)–

3

(k); *see* 20 U.S.C. §§ 1415(b)(6)–(7), (c)(2), (f)–(g); 34 C.F.R. §§ 300.503(a), 300.507(a)(1), 300.511, 300.514.  In New York state, the New York State Education Department ("NYSED") develops, implements, and oversees this administrative appeals process.  *See generally* N.Y. Educ. Law § 4401.  The process begins by filing an administrative due process complaint and requesting a hearing before an Independent Hearing Officer ("IHO").  20 U.S.C. §§ 1415(b)(6), (f)(1)(a); N.Y. Educ. Law § 4404(1)(a).  The IHO's decision may be appealed by either party to NYSED's Office of State Review, where a State Review Officer ("SRO") will independently review the findings and decision rendered by the IHO.  20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(2).  An SRO is empowered to modify any finding or determination of the IHO as to the entitlement to or selection of appropriate special education services.  N.Y. Educ. Law § 4404(2).  The IDEA permits dissatisfied parents, or the school district or other school authority, to pursue judicial review of the SRO's decision in, *inter alia*, a federal district court.  20 U.S.C. § 1415(i)(2)(A); N.Y. Educ. Law § 4404(3).  The district court receives the records of the state administrative proceedings and hears additional evidence if requested.  20 U.S.C. §§ 1415(i)(2)(C)(i)–(ii).

## II.     The *A.R.* Decision

In 2021, the Second Circuit affirmed a district court ruling that the state of Connecticut must provide a FAPE to children up to their 22nd birthday, *i.e.*, through the entire year following their 21st birthday.  *See A.R. v. Connecticut State Bd. of Educ.*, 5 F.4th 155 (2d Cir. 2021) ("*A.R. II*"); *accord N.D. et al. v. Reykdal et al.*, No. 23-35580, Dkt. No. 37 (9th Cir. May 22, 2024) (similar holding with respect to Washington); *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639 (1st Cir. 2018) (similar holding with respect to Rhode Island); *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013) (similar holding with respect to Hawaii).

4

In the class action proceedings in the district court, the plaintiffs alleged that, because Connecticut offered various adult education programs to non-disabled students over age 21, the Connecticut State Board of Education's enforcement of age limitations on special education as established by Connecticut law and regulations violated the IDEA. *See A.R. v. Connecticut State Bd. of Educ.*, No. 3:16-cv-01197 (CSH), 2020 WL 3086032, at *1 (D. Conn. June 10, 2020) ("*A.R. I*"). Connecticut law, in accordance with related regulations, provided that local and regional boards of education are required to "[p]rovide special education for school-age children requiring special education," but that such "obligation . . . shall terminate when such child is graduated from high school or reaches age twenty-one, whichever occurs first." Conn. Gen. Stat. § 10-76d(b). Under Connecticut regulation, if "the child turns twenty-one during th[e] school year," his or her FAPE is to be "continued until the end of th[at] school year." Conn. Agencies Reg. § 10-76d-1(a)(4). The district court agreed with plaintiffs that Connecticut's adult education programs constituted free public education within the meaning of the IDEA, granted the plaintiffs motion for summary judgment, including class-wide injunctive and declaratory relief, and awarded compensatory education. *A.R. I*, 2020 WL 3086032, at *16–17; *see also A.R. II*, 5 F.4th at 159.

On appeal, the Second Circuit affirmed on two primary bases. First, that the word "inclusive," as used in connection with the mandated provision of a FAPE under the IDEA, "means that the relevant period begins on a child's third birthday and ends on the last day of his 21st year (which culminates in his 22nd birthday)," limited only by the degree to which the state or locality provides non-disabled education to students over age 18. *A.R. II*, 5 F.4th at 158 (citing *St. Johnsbury Academy v. D.H.*, 240 F.3d 163, 168 (2d Cir. 2001)). Second, that the district court did not err in concluding that various adult education programs, which Connecticut

5

required all local education agencies to provide, constituted free public education within the meaning of the IDEA, which then triggered an obligation to provide a comparable FAPE to disabled students between the ages of 21 and 22 who had not yet received a high school diploma. *A.R. II,* 5 F.4th at 163–67.

Following the *A.R. II* decision, on July 6, 2023, NYSED issued a Formal Opinion of Counsel regarding the applicability of *A.R.* in New York. *See* N.Y. STATE EDUC. DEP'T OFF. OF COUNS., *Formal Opinion of Counsel No. 242*, (July 6, 2023), https://www.counsel.nysed.gov/sites/counsel/files/242.pdf (last visited Mar. 24, 2025) (the "Formal Opinion").[2] In the Formal Opinion, NYSED stated that

> [The *A.R.*] decision requires that public schools in New York provide special education and related services to resident students with disabilities until age 22, or the day before the student's 22nd birthday. . . . New York State law defining eligibility for special education is materially indistinguishable from the Connecticut law challenged in *A.R.* [New York] Education Law § 4402(5) provides that eligibility for special education services lasts only until the conclusion of the school year in which a student turns 21. Additionally, New York, like Connecticut, offers publicly funded adult education programs to non-disabled students in this age group. As such, the holding of *A.R.* that the interaction between federal law (IDEA) and State law (services for adults) required public schools in Connecticut to provide special education and related services to resident students with disabilities at least until their 22nd birthdays is equally applicable in New York.

*Id.* (footnote omitted). NYSED also noted that the *A.R.* court had not addressed a specific complication in which a student's 22nd birthday may fall at some point during a school year, but counseled that, while not strictly required, "school districts [should] consider providing [FAPE]

---

[2] The Formal Opinion is expressly referenced in the FAC at paragraph 69 and attached as Exhibit A to the FAC. But even if it were not, the court may take judicial notice of documents retrieved from official government websites or other relevant matters of public record. *See Office Solution Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, 544 F. Supp. 3d 405, 412 (S.D.N.Y. 2011) (on a motion to dismiss); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 261–62 (S.D.N.Y. 2019) (on a preliminary injunction motion); *see also Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015); *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); Fed. R. Evid. 201(b).

through the end of the school year in which the student turns 22 or upon receipt of a high school diploma, whichever occurs first." *Id.*

In August 2023, NYSED's Office of Special Education issued a written decision in favor of a disabled student previously enrolled in the Katonah-Lewisboro Union Free School District, upholding the parents' complaint that the school district had failed to provide a FAPE up through the student's 22nd birthday. *See Katonah-Lewisboro Union Free Sch. Dist. v. N.Y. State Educ. Dep't*, 207 N.Y.S.3d 891, 893–94 (Sup. Ct., Albany Cty. 2024) ("*Katonah-Lewisboro v. NYSED*" or "*Katonah-Lewisboro*"). The school district filed an Article 78 proceeding against NYSED and secured a reversal of NYSED's administrative ruling. *Id.* at 896. NYSED appealed and the case is pending in the Appellate Division as of the date of this Opinion.

### III. Procedural History

On November 6, 2023, Plaintiffs filed this action. Dkt. No. 1. On February 9, 2024, Plaintiffs filed the FAC. Dkt. No. 14. For purposes of this opinion, the facts alleged in the FAC are taken as true. In sum, Plaintiffs allege that New York City law and regulations purport to limit public school attendance, and accordingly, the provision of FAPE, until the end of the school year in which a student turns 21 or upon the receipt of a high school diploma, in contravention of the IDEA, Section 504, and Section 1983, and that the Defendants have applied those regulations to deny the Plaintiffs' children a FAPE between the end of the school year in which they turn 21 and their 22nd birthday.

On March 8, 2024, Defendants filed a motion to dismiss the FAC.[3] On March 20, 2024, Plaintiffs filed a motion for class and subclass certification, as well as a preliminary injunction.[4] On March 22, 2024, Defendants filed a letter providing notice of the decision in *Katonah-Lewisboro v. NYSED* as supplemental authority. On April 24, 2024, NYSED filed a letter opposing Defendants' assertion in their motion to dismiss that NYSED is a necessary party to this action, and reiterating, consistent with NYSED's position in *Katonah-Lewisboro v. NYSED*, NYSED's view that under the IDEA and New York state law "districts are required to provide special education services to a student up until their 22nd birthday. The litigation before the Court is not aimed at changing or invalidating existing law; it involves students' efforts in obtaining the relief and protections to which they are entitled under the law." Dkt. No. 43 (the "NYSED Letter").

## DISCUSSION

Defendants move to dismiss the FAC for lack of subject matter jurisdiction under Rule 12(b)(1), on two grounds: (1) failure to exhaust administrative remedies as required under the IDEA, and (2) Parent Plaintiffs lack standing to assert claims as "next friend" to their adult children. Defendants also move to dismiss the FAC under Rule 12(b)(7) for failure to join NYSED as an indispensable party.

Because the Court agrees that Plaintiffs are required to exhaust their administrative remedies under the IDEA, this Court lacks subject matter jurisdiction over this action in the

---

[3] Defendants' opening brief is Dkt. No. 24 ("MTD Mot."), Plaintiffs' opposition brief is Dkt. No. 34 ("MTD Opp."), and Defendants' reply brief is Dkt. No. 42 ("MTD Reply").

[4] Plaintiffs' opening brief is Dkt. No. 29 ("Class and PI Mot."), Defendants' opposition brief is Dkt. No. 40 ("Class and PI Opp."), and Plaintiffs' reply brief is Dkt. No. 41 ("Class and PI Reply").

absence of exhaustion, *see* MTD Mot. at 8–14, and the Court need not address Defendants' other bases for dismissal.

## I. Legal Standard on Exhaustion of Administrative Remedies

A plaintiff must exhaust his or her administrative remedies as a prerequisite to bringing an action under the IDEA seeking relief for the denial of FAPE in federal court. *See* 20 U.S.C. § 1415(l); *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 168 (2017). This exhaustion requirement equally applies to related claims under Section 504 and Section 1983. *See Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 246–49 (2d Cir. 2008). A failure to exhaust administrative remedies, unless excused, deprives a district court of subject matter jurisdiction over the claims. *See, e.g.*, *B.C. ex rel. B.M. v. Pine Plains Cent. Sch. Dist.* ("*B.C.*"), 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013). In addition to being a requirement for subject matter jurisdiction, the exhaustion requirement serves important goals under the IDEA, including "that disputes related to the education of disabled children are first analyzed by administrators with expertise in the area who can promptly resolve grievances. Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *J.S. ex rel. N.S. v. Attica Cent. Schs.* ("*J.S.*"), 386 F.3d 107, 112 (2d Cir. 2004) (internal references omitted).

The exhaustion requirement may be excused where the relevant administrative procedures would not provide an adequate remedy and thus exhaustion would be futile. *Cave*, 514 F. 3d at 249; *see also Heldman ex rel. T.H. v. Sobol* ("*Heldman*"), 962 F.2d 148, 159 (2d Cir. 1992) ("The policies underlying the exhaustion requirement do not come into play, however,

when the pursuit of administrative remedies would be futile because the agency either was acting in violation of the law or was unable to remedy the alleged injury."); *J.S.*, 386 F.3d at 112 (exhaustion may be futile where a complaint alleges a systemic violation that the administrative review process has no power to correct); *Z.Q. by G.J. et al. v. N.Y.C. Dep't of Educ., et al.* ("*Z.Q.*"), No. 22-939-cv, 2023 WL 1486387, at *2 (2d Cir. Feb. 3, 2023) ("To demonstrate futility, a plaintiff 'must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process.'" (quoting *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007))). Plaintiffs bear the burden of demonstrating that exhaustion would be futile. *See J.S.*, 386 F.3d at 112. In analyzing whether plaintiffs have proven that their failure to exhaust should be excused, courts should also consider "whether administrative review would further the goals of developing facts, making use of available expertise, and promoting efficiency." *Id.* at 113.

### II.  Exhaustion Would Not Be Futile

Here, Plaintiffs concede that they have failed to exhaust their administrative remedies, but argue that exhaustion would be futile, pointing to a number of cases that they assert involve issues similar to those alleged in the FAC and where the exhaustion requirement has been excused. MTD Opp. at 5. In the FAC, Plaintiffs allege that they have been denied FAPE "beyond the end of the year in which they turn twenty-one and until such time as they turn twenty-two," FAC ¶ 146, and that "Defendants have failed to implement a citywide change in policy, procedure, and/or practice to ensure FAPE to children who are not yet twenty-two, but who have reached the end of the school year in which they turned twenty-one[,]" *id.* ¶ 148. In asserting that exhaustion should not be required under these circumstances, the FAC contends in

conclusory fashion that "[i]t would be futile to ask a hearing officer or the State Review Officer to ignore a state law and the NYSED's own regulation implementing that law. Further, Plaintiffs raise systemic claims and challenge policies. Administrative hearing and appeals officers in New York lack jurisdiction to address systemic issues and or matters of policy. Additionally, Plaintiffs are all facing irreparable harm and for that additional reason, exhaustion would not be required. Several Plaintiffs also seek to implement stay-put rights pursuant to 20 U.S.C. § 1415(j) which are not required to be exhausted."[5] *Id*. ¶¶ 74–78.

Defendants, in contrast, argue that Plaintiffs have failed to properly allege, beyond conclusory statements in the FAC, that exhaustion would be futile. MTD Mot. at 9. Defendants point to the decision of two of the Parent Plaintiffs to pursue administrative remedies for the denial of FAPE until age 22, that the administrative process was proceeding apace, and that neither hearing officer had dismissed the due process complaints for lack of authority to hear the claim. *Id.* Plaintiffs do not dispute these facts. *See* FAC ¶¶ 86 (C.T.), 99 (G.L.). Defendants further argue that the mere assertion of "systemic" allegations, without properly pleading that the desired result or remedy is unavailable through the administrative process, is insufficient to excuse exhaustion requirements. MTD Mot. at 10–11. Likewise, an allegation that the policy affects more than one student is insufficient to support a finding that exhaustion would be futile. *Id.* at 11.

Here, undisputed facts demonstrate that the administrative process would not be futile, within the meaning of Second Circuit caselaw. In addition to the example cited by Defendants of the ongoing administrative proceedings for two Student Plaintiffs, the facts of *Katonah-*

---

[5] Defendants correctly note that the stay-put argument is moot because the administrative process itself gives the parents and student the stay-put rights they claim to seek, and the NYC DOE is honoring the pendency or stay-put obligations of those students whose parents filed due process complaints in the administrative process. *See* MTD Reply at 4 n.1.

11

*Lewisboro* illustrate that parents in another New York school district successfully used the administrative process to secure a directive to their school district that their student was entitled to FAPE until age 22. The fact that the school district then successfully sued NYSED in state court does not change the fact that the administrative process gave the parents the remedy they were seeking.[6] Indeed, the procedural history of *Katonah-Lewisboro* (in which NYSED is currently appealing the contrary finding of a state judge) is additional evidence of a fact that is apparent elsewhere in the record: NYSED is fully supportive of the Plaintiffs' position that *A.R. II* and the IDEA require New York school districts to provide FAPE to age 22. *See also* Formal Opinion (the holding of *A.R. II* requiring FAPE until 22 "is equally applicable in New York"); NYSED Letter at 3 (referencing the Formal Opinion and noting that "NYSED has provided a clear opinion aimed at providing districts with guidance as to how IDEA applied in New York. NYSED continues to advise districts that the refusal to provide services up until a student's 22nd birthday will likely expose districts to claims for compensatory education."); *see also id.* at 2 ("In New York, under the IDEA, districts are **required** to provide special education services to a student up until their 22nd birthday. The litigation before the Court is not aimed at changing or invalidating existing law; it involves students' efforts in obtaining the relief and protections to which they are entitled under the law." (emphasis added)). Indeed, Plaintiffs concede that there is "no law or policy of [New York] State [that] will prevent Plaintiffs from obtaining complete relief." MTD Opp. at 8.[7]

---

[6] If anything, the subsequent lawsuit shows that the school district was similarly situated to NYC DOE in taking the view that New York law and the IDEA did not require the district to provide FAPE to age 22 to any student. And yet despite this "systemic policy" the parents in *Katonah-Lewisboro* were successful in securing a favorable decision through an administrative process, directing the district to provide the services.

[7] That NYC DOE appears to disagree with this view is of little moment—if a disagreement between parents and the school district regarding what the IDEA requires excused administrative exhaustion, that would swallow the exhaustion requirement, since every due process complaint begins

A key component of demonstrating futility in cases asserting "systemic" violations under the IDEA is that the hearing officer would have no power to correct the violation or award the remedy. *J.S.*, 386 F.3d at 113. That is simply not the case here. While the NYC DOE may persist in its view that it is not required to provide FAPE between ages 21 and 22 to disabled students, NYSED clearly does not agree, and there is no reason to think, on the present record, or based on any well-pleaded allegations in the FAC, that an IHO or, even more so, an SRO would reject the clear guidance provided by NYSED in favor of the NYC DOE's say-so. Plaintiffs' reference to a Memo of Agreement ("MOA") between NYSED, NYC DOE and New York City's Office of Administrative Trials and Hearings ("OATH"), under which OATH would provide, pay, and supervise the IHOs as to employment matters does not change this conclusion. *See* MTD Opp. at 6. While Plaintiffs assert that the MOA represents a transfer of "authority," over the IHO stage of the administrative process, a review of the MOA demonstrates that is incorrect. All that the MOA accomplishes is shifting administrative matters and supervision of employment functions for IHOs from NYC DOE to OATH. IHOs continue to be governed by 20 U.S.C. § 1415 and N.Y. Educ. Law § 4404, NYSED remains responsible for training and certifying IHOs, and the MOA explicitly states that "[n]othing in this MOA shall be construed to interfere with [NY]SED's role as the state educational agency with respect to its supervisory and monitoring obligations of the local educational agency [NYC DOE]." Memorandum of Agreement by OATH, NYC DOE, and NYSED (Dec. 1, 2021), *available at* https://www.nysed.gov/sites/default/files/Office-of-Administrative-Trials-and-Hearings-Memorandum-of-Agreement.pdf (last visited Mar. 24, 2025).

---

with a claim that a student has been denied FAPE by the district. Again, the relevant question here is not whether NYC DOE agrees that it must provide services to disabled students until age 22, but whether IHOs and SROs are able to find otherwise.

13

Plaintiffs assert that they seek "a citywide change in policy, procedure and/or practice to ensure FAPE to children who are not yet twenty-two, but who have reached the end of the school year in which they turned twenty-one," and allege "Defendants' application of blanket policies, practices [and] procedures violate the IDEA," *see* FAC ¶¶ 148–49, but Plaintiffs have not specifically alleged an existing policy, practice, or procedure that was created and implemented by NYC DOE that contravenes their rights protected under the IDEA, and, more importantly, that goes beyond the authority of an IHO or SRO to effectively remedy. The cases cited by Plaintiffs merely show that in some cases asserting systemic violations, courts have agreed that exhaustion would be futile—they do not establish that merely asserting a systemic violation or policy is sufficient to show futility where there is evidence to the contrary. *See, e.g., F.C. v. N.Y.C. Dep't of Educ.*, No. 15-cv-06045 (PAE), 2016 WL 8716232, at *7 (S.D.N.Y Aug. 5, 2016) (excusing exhaustion as futile where plaintiffs alleged four systemic practices, including restricting IEP teams' ability to recommend certain tutoring, research-based instruction, after-school services, etc.).

Other cases cited by Plaintiffs are similarly distinguishable—the underlying complaints in those cases specifically alleged issues with "the framework and procedures for assessing and placing students in appropriate educational programs" or "the nature and volume of complaints," which were "incapable of correction by the administrative hearing process." *See J.S.*, 386 F.3d 114–15 (involving a challenge to the school district's total failure to prepare and implement IEPs and process issues, such as a failure to notify parents of meetings as required by law); *Z.Q.*, 2023 WL 1486387, at *2 (holding "exhaustion would be futile because the NYC DOE systemically fail[ed] to resolve due process complaints within the required timeframe [during the COVID-19 pandemic] and [could not] adequately handle the volume of plaintiffs' complaints."); *Heldman*,

14

962 F.2d at 159 (challenging a regulation implementing a state statute that neither the hearing officer nor Commissioner of Education had the authority to alter); *M.G. v. N.Y.C. Dep't of Educ.*, 15 F. Supp. 296, 304–05 (S.D.N.Y. 2014) (involving specific alleged policies and practices with respect to the provision of services to autistic children, including refusal to include certain services on any IEP regardless of a student's needs); *cf. F.C.*, 2016 WL 8716232, at *7 ("Where a plaintiff has shown that, due to administrative backlog or otherwise, an IHO or SRO has failed to timely issue a decision on a fully briefed due process complaint or appeal, a district court can assume jurisdiction. Such a claim, however, has not been made here." (citation omitted)). Plaintiffs attempt to raise a similar argument regarding the volume of potential complaints in their opposition to Defendants' motion to dismiss. *See* MTD Opp. at 6. Not only is there no such allegation in the FAC, but the argument that the administrative process would be overrun with due process complaints seeking a FAPE for the limited time between the end of the school year in which a student turned 21 and that student's 22nd birthday is speculative and, absent further allegations or evidence to the contrary, does not render the administrative process futile since, as Defendants represent and Plaintiffs do not dispute, "[t]housands of students administratively appeal their [IEPs] and challenge any denial of a FAPE through the administrative process every year." MTD Reply at 2.

As Defendants argue in their reply, Plaintiffs have also failed to effectively distinguish *Montalvan v. Banks*, in which the district court held that the SRO had the power to hear a claim for individualized relief, such as a denial of a FAPE, even if the denial implicates systemic considerations or is attributable to district-wide violations of the IDEA. 707 F. Supp. 3d 417, 433–34 (S.D.N.Y. 2023). The district court reasoned that such claims "benefit from 'the exercise of discretion and educational expertise by state and local agencies.'" *Id.* (quoting

15

*Levine v. Greece Cent. Sch. Dist.*, No. 08-cv-06072 (MAT), 2009 WL 261740, at *8 (W.D.N.Y. Feb. 4, 2009)). So, too, here, even to the extent that NYC DOE's purported denials of FAPE until Student Plaintiffs' 22nd birthday may implicate some policy or procedure, each Student Plaintiff's alleged entitlement and claim to a FAPE is a claim for individualized relief, based on specific needs and circumstances, that IHOs and SROs have the power to hear and remedy. Moreover, consistent with the purpose of exhaustion, the administrative process could greatly assist in developing the factual record regarding such matters as, *e.g.*, what educational services NYC DOE provides to non-disabled adults over age 21, what additional services would be required to provide each Student Plaintiff (with their different needs and circumstances) a FAPE for any months between the end of the school year in which they turned 21 and their 22nd birthday, and what compensatory services would be appropriate for students initially denied these services by NYC DOE.

Although SROs do not have the power to hear Section 504 and Section 1983 claims, *see* MTD Opp. at 6–7, Plaintiffs are similarly required to exhaust their administrative remedies with respect to their Section 504 and Section 1983 claims because they parallel their IDEA claim. *See, e.g.*, *L.V. v. Rye City Sch. Dist.*, No. 22-cv-04255 (VR), 2023 WL 5744421, at *4 (S.D.N.Y. Sept. 6, 2023); *D.A.B. v. N.Y.C. Dep't of Educ.*, 45 F. Supp. 3d 400, 404–06 (S.D.N.Y. 2014); *cf. Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-cv-09778 (KMK), 2019 WL 1437823, at *31–33 (S.D.N.Y. Mar. 29, 2019) (holding certain ADA and Section 504 claims were not subject to the IDEA's exhaustion requirement where the allegations went beyond the formulation of the subject IEP or denial of a FAPE).

* * *

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over Plaintiffs' claims because they have failed to exhaust their administrative remedies and have not met their burden to demonstrate that exhaustion would be futile. Accordingly, Defendants' motion to dismiss is GRANTED, and Plaintiffs' motion for class certification, subclass certification, and a preliminary injunction is DENIED AS MOOT. The Clerk of Court is respectfully directed to CLOSE this case.

Dated: March 24, 2025
　　　　New York, New York

　　　　　　　　　　　　　　　　　　SO ORDERED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MARGARET M. GARNETT
　　　　　　　　　　　　　　　　　　United States District Judge