

**STEVEN BANKS**
*Corporation Counsel*

The City of New York
# Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**Jordan Doll**
Assistant Corporation Counsel
Phone: (212) 356-2624

February 20, 2026

**<u>BY ECF</u>**
Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *L.T., et al. v. N.Y.C. Dep't, of Educ., et al.,*
       1: 23-cv-09826 (MMG)

Your Honor:

  My Office represents Defendants in the above-referenced case. I write to respectfully request this Court to stay this matter pending the resolution of two New York State court cases, or, in the alternative, request that the Court adjourn certain deadlines in the current briefing schedule so as to be able first to rule on Defendants' motion to stay this action, currently due February 27, 2026. Plaintiffs did not respond to our request for their consent to alter the briefing schedule.

  On February 13, 2026, the parties filed a joint letter proposing a briefing schedule which the Court endorsed on February 17. ECF No. 52. Upon further reflection, however, Defendants now submit that there is no reason to simultaneously submit four separate motions[1] to the Court, and every reason to resolve them in logical order, inasmuch as each motion may well be dispositive of the other motions. Instead of adding four interrelated motions at once onto the Court's docket within the span of a month, considerations of judicial efficiency would instead favor first ruling on those motions that may well obviate any need for the remaining motions. Indeed, under the current four-way simultaneous schedule, a ruling on Plaintiffs' motion to add a proposed (and still

---

[1] Briefing on both the previously submitted motion to dismiss, ECF No. 23 *et seq.*, the previously submitted motion for class certification, ECF Nos. 28 *et seq.*, and the motion for preliminary injunction; Plaintiff's new motion to add a proposed class representative; and Defendants' motion to stay proceedings pending the Court of Appeals resolution of state law issues integral to the instant litigation.

unidentified) class representative might invite yet further briefing on (or renewal of) the class certification motion as well as of Defendants' motion to dismiss. This added complexity to the briefing schedule is inefficient for both the Court and the parties.

Furthermore, granting a stay would allow the New York Court of Appeals to clarify state law on the very issue at the heart of this litigation. Two New York appellate court proceedings have addressed the issue of whether students with a disability are entitled to a free appropriate public education until they turn 22 years old, if they have not yet received a high school diploma or some other exit credential ("FAPE 22"). *See Matter of Mahopac Cent. Sch. Dist. v. New York State Educ. Dep't*, 243 A.D.3d 87 (3d Dep't 2025); *Matter of Katonah-Lewisboro Union Free Sch. Dist. v. New York State Educ. Dep't*, 243 A.D.3d 66 (3d Dep't 2025). Both of these cases, moreover, have *sub judice* motions for leave to appeal to the Court of Appeals.

The two cases address the central issue herein: whether New York state law is substantively similar to Connecticut law such that the same provision of the IDEA that was held to require FAPE 22 in Connecticut in *A.R. v. Conn. State Bd. of Educ.*, 5 F.4th 155 (2d Cir. 2021) would also require FAPE 22 in New York. In September 2025, the school districts moved for leave to appeal to the New York Court of Appeals.

> This [] proceeding presents significant legal issues of statewide importance to the more than 700 public school districts in New York State [] Did NYSED commit an error of law by requiring the School District to provide the Student with services following the loss of his entitlement to a public education under Education Law § 4402(5) at the end of the school year in which he reached the age of twenty-one? [] Has the New York State Legislature enacted a "State law or practice" of providing a free public education to individuals over the age of twenty-one to create an entitlement under the IDEA to services for students with a disability until their twenty-second birthday?

*Mahopac Central School District,* Index No. 912160-24, Notice of motion for leave to appeal, at 2-12 (Sept. 12, 2025). *See Katonah-Lewisboro Union Free School District*, Index No. 909115-23, Notice of motion for leave to appeal (Sept. 12, 2025) (arguing same).

While Defendants in this present action raise various fatal procedural defects in Plaintiffs' theory of the case in the remainder of Defendants' Motion to Dismiss, the merits of Plaintiffs' case are premised on questions regarding whether a substantive right to FAPE 22 exists. Any decision by the New York Court of Appeals (including denying leaves to appeal) will offer invaluable guidance to this Court and the parties regarding the conduct of this litigation.

Moreover, a stay will not prejudice Plaintiffs because the New York City Department of Education has, since the 2023-24 School Year, implemented an interim policy offering FAPE 22 in DOE schools. NYC PUBLIC SCHOOLS, Special Education Standard Operating Procedures Manual ("SOPM"), 51, fn. 59, available at https://infohub.nyced.org/docs/default-source/default-document-library/specialeducationstandardoperatingproceduresmanualmarch.pdf (last updated May 29, 2025; last visited Feb. 20, 2026). Accordingly, neither the student-plaintiffs nor any purported putative class member can assert irreparable harm when the relief they seek is currently in place.

This Court has the discretion to stay proceedings given the ongoing state court actions. *See Louis Vuitton Mallatier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A stay promotes judicial efficiency, provides the highest state Court an opportunity to rule on matters of state law, and avoids the confusion and further litigation that may result if this Court's decision contradicts any final state adjudication. *See Retail Software Services, Inc. v. Lashlee*, 838 F.2d 661 (2d Cir. 1988) (finding that New York state courts should have the first opportunity to interpret a state statute and noting further that, "[t]he question herein presented is likely to recur, and its resolution at this time by the New York Court of Appeals would aid in the administration of justice."). *See also Reyes v. City of New York*, 141 F.4th 55, 68 (2d Cir. 2025) (noting that, when interpreting a state statute, "a federal court looks first to whether the state's highest court . . . has spoken to the point at issue in a controlling decision."); *Cruz v. Banks*, 134 F.4th 687 (2d Cir. 2025) (certifying question to New York Court of Appeals concerning special education policies where the state "has developed a set of education standards that build on the IDEA's baseline requirements" and the certified question "involves a delicate balance of finite state resources and students' educational needs.").

Based on the foregoing, Defendants respectfully request this Court stay this matter pending the resolution of two New York State court cases, or, in the alternative, request that the Court adjourn certain deadlines in the current briefing schedule so as to be able first to rule on Defendants' motion to stay this action, currently due February 27, 2026. Respectfully submitted,

[ECF]                           /s/
Jordan Doll
Assistant Corporation Counsel

cc:  All counsel of record
      (via ECF)

The Court will construe Dkt. No. 54 as Defendants' motion to stay and its opening brief in support thereof.  Plaintiffs have filed an opposition (*see* Dkt. No. 55), and Defendants may file a reply, not to exceed eight pages, by **March 6, 2026**.  The schedule for additional briefing on other motions (*see* Dkt. No. 53) shall be stayed pending resolution of the motion to stay.

SO ORDERED.  Dated February 26, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE